IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RONALD DWAYNE WHITFIELD | § | |
| | § | |
| v. | § | MISC. NO. C-06-094 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
LEAVE TO FILE A PETITION FOR WRIT OF HABEAS CORPUS**

Texas state prisoner Ronald Dwayne Whitfield is currently incarcerated in

the McConnell Unit in Beeville, Texas.  On October 23, 2006, he filed "Motions

For Leave To File Motion To Sue For Liberty In Forma Pauperis And A Petition

For A Writ of Habeas Corpus."  (D.E. 1).

## I.  BACKGROUND

Petitioner is an abusive litigant who has accumulated in excess of three

strikes pursuant to 28 U.S.C. § 1915(g).  Therefore, he is barred from proceeding

in forma pauperis in any civil action or appeal filed while he is in prison unless he

shows that he is under imminent danger of serious physical injury.  More

important, he has been sanctioned by various courts as a result of his frequent

frivolous filings.[1]  Notably, the sanctions lodged against him include orders from

---

[1] Petitioner has been sanctioned repeatedly and has had numerous actions dismissed
because they were frivolous.  Whitfield v. Mitchell, No. 93-1566 (5th Cir. Aug. 18, 1993)
(unpublished); Whitfield v. Collins, 4:94-cv-872 (S.D. Tex. Oct. 24, 1994) (warning issued);
Whitfield v. State of Texas, et al, 6:95-cv-091 (W.D. Tex. May 9, 1995) (sanctioned $120.00 and
barred from filing new civil actions until paid); Whitfield v. Scott, 6:95-cv-433 (E.D. Tex. June
28, 1995) (prevented from filing action and warned about circumventing federal court

various courts that he may not file documents in those courts without first

obtaining permission.  Indeed, he has filed three motions for leave to file suit this

year in the Corpus Christi Division.  See Whitfield v. Tex. Bd. of Crim. Justice,

No. 06-cv-42 (S.D. Tex.); Whitfield v. Tex. Dep't of Crim. Justice - Institutional

Div., No. 06-mc-41 (S.D. Tex.); In re Whitfield, No. 06-mc-75 (S.D. Tex.).  All of

these motions have been denied.  Due to his repeated abusive filings, petitioner has

been barred from filing petitions for certiorari or for extraordinary writs in

noncriminal matters without paying the fee.  Whitfield v. Texas, 527 U.S. 885

(1999) (per curiam).

---

sanctions); Whitfield v. Lanier, No. 94-20069 (5th Cir. Mar. 2, 1994) (unpublished) (1st strike for frivolous appeal); Whitfield v. Klevenhagen, No. 94-20068 (5th Cir. Mar. 2, 1994) (unpublished) (2nd strike for frivolous appeal); Whitfield v. Lanier, No. 94-20353 (5th Cir. June 2, 1994) (unpublished) (sanctioned $50.00); Whitfield v. Webb, et al, 4:94-cv-4194 (S.D. Tex. Feb. 23, 1995) (sanctioned $25.00); Whitfield v. Collins, et al, 4:94-cv-2630 (S.D. Tex. Jan. 9, 1996) (sanctioned $50.00 and barred from filing new civil rights actions); Whitfield v. Lanier, No. 96-20971 (5th Cir. Nov. 5, 1996) (unpublished) (warned regarding frivolous filings); In re: Ronald Whitfield, No. 97-00395 (5th Cir. Oct. 7, 1997) (unpublished); Whitfield v. Johnson, 4:97cv3148 (S.D. Tex. Oct. 30, 1997) (barred from proceeding in forma pauperis without Court's permission); In re: Ronald Whitfield, No. 97-00454 (5th Cir. Oct. 7, 1997) (unpublished) (regarding No. 6:95-cv-091 (W.D. Tex.) (plaintiff is barred from proceeding in forma pauperis and later sanctioned $200 for repeated disregard for court orders and repeated abuse of the judicial system)); Whitfield v. Johnson, 4:94-cv-2767 (S.D. Tex. May 15, 2000) (sanctioned $750 for his "unregenerate abuse of the judicial system"); Whitfield v. Ott, et al, 4:00-cv-2367 (S.D. Tex. July 17, 2000) (sanctioned $200.00 for repeated disregard of court orders); In re: Ronald Dwayne Whitfield, No. 00-00054 (5th Cir. Oct. 24, 2000) (unpublished) (barred based on three-strikes rule); Whitfield v. Cockrell, 4:02-cv-4218 (S.D. Tex. Dec. 12, 2002) (plaintiff is barred from future filings and the clerk is instructed to return future submissions in envelope marked "Frivolous Filer, Return to Sender"); Whitfield v. Scott, 6:97-cv-27 (E.D. Tex. Jan. 23, 1997) (sanctioned $120.00); Whitfield v. Dretke, et al, No. 03-20424 (S.D. Tex. Dec. 2, 2003) (unpublished) (sanctioned $200.00 and barred from filing based on three-strikes rule).  There is no indication that petitioner has paid any of these fines.

Instead of completing the form for filing a writ of habeas corpus, petitioner attaches a lengthy memorandum. (D.E. 1). It appears that he is attacking his convictions in cause number 492,674 in the 351st Judicial District Court of Harris County, Texas, cause numbers 525,468 and 528,856 in the 337th Judicial District Court of Harris County, Texas, and cause numbers 557,164 and 617,718 in the 174th Judicial District Court of Harris County, Texas. (D.E. 1-1, at 8). However, he fails to provide any information regarding the dates or charges in these convictions.

Petitioner originally received probation in his conviction for theft in cause number 525,468, but on July 26, 1989 his probation was revoked and he was sentenced to five years incarceration. Whitfield v. State, 2005 WL 310062, at *1 (Tex. App. Feb. 10, 2005) (per curiam) (unpublished). Furthermore, he "was convicted of the offense of burglary of a motor vehicle with intent to commit theft in case number 528,856, and on August 11, 1989, [he] was sentenced to confinement for five years." Id.; see also In re Whitfield, 2000 WL 567558, at *1 (Tex. App. May 11, 2000) (per curiam) (unpublished). "After a jury trial in cause number 617,718, [petitioner] was convicted of the offense of burglary of a building with intent to commit theft, enhanced by two prior felony convictions. On June 5, 1992, appellant was sentenced to confinement ... for thirty-five years." Whitfield v. State, 2005 WL 486628, at *1 (Tex. App. Mar. 3, 2005) (per curiam)

3

(unpublished); <u>see</u> <u>also</u> <u>Whitfield v. State</u>, 1993 WL 322738 (Tex. App. Aug. 26, 1993) (unpublished) (affirming sentence of 35 years).

## II.  DISCUSSION

Petitioner provides no evidence that he has exhausted his administrative remedies.  28 U.S.C. § 2254(b)(1)(A); <u>see</u> <u>also</u> <u>Neville v. Dretke</u>, 423 F.3d 474, 478 (5th Cir. 2005) ("the district court cannot grant habeas relief unless the applicant has exhausted available state court remedies").  Moreover, given the dates of his convictions, it appears that any petition would be untimely.  28 U.S.C. § 2254(d)(1) (one-year statute of limitations); <u>see</u> <u>also</u> <u>Kiser v. Johnson</u>, 163 F.3d 326, 327 (5th Cir. 1999) ("In cases where the petitioner's conviction became final before the enactment of the AEDPA, as here, the time limit runs from April 24, 1996, the date of the AEDPA's enactment.").

Additionally, petitioner's motion does not directly address issues related to his underlying state convictions.  Instead, he makes conclusory allegations sprinkled with legal citations with quotations (many irrelevant to the issues at hand).  Much of his motion centers on a discussion of a previous denial of a similar motion by Chief Judge Hayden Head in <u>In re Whitfield</u>, No. 06-mc-75 (S.D. Tex.).  Any dissatisfaction that he may have with rulings in this other matter are appropriately handled by an appeal as opposed to a renewed motion before a different judge.  Ultimately, he provides nothing to support granting his motion.

4

Finally, petitioner does not establish that he has paid any of the sanctions levied against him.  He has been barred from filing any actions by this Court as well as the Fifth Circuit and other federal courts.  The Fifth Circuit has held that a district court may honor the sanction order of another district court.  <u>Balawajder v. Scott</u>, 160 F.3d 1066, 1067-68 (5th Cir. 1999) (per curiam).

### III.  RECOMMENDATION

Petitioner has not provided an adequate showing that such filing is warranted and appropriate.  Therefore, it is respectfully recommended that his motion to file a petition for writ of habeas corpus, (D.E. 1), be denied.

Respectfully submitted this 3rd day of November 2006.


_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).